UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
**RAFAEL DAVID SANCHEZ,**
**Alien No. A40-077-390**

                    Petitioner,        No.   06-CV-6821 (PKC)

      - against -                    ECF CASE

**U.S. CITIZENSHIP AND**
**IMMIGRATION SERVICES,**

                 **Respondent.**
------------------------------------------------------------x

### PETITION FOR REVIEW OF THE DENIAL
### OF AN APPLICATION FOR NATURALIZATION

Petitioner, Rafael David Sanchez (hereinafter "Petitioner" or "Mr. Sanchez"), by his attorneys, BRETZ & COVEN, LLP, alleges as follows:

1. This is an action seeking *de novo* review of a decision by United States Citizenship and Immigration Services ("USCIS") to deny Petitioner's application for United States citizenship. USCIS issued a final denial of Mr. Sanchez's application on May 9, 2006. Petitioner seeks a declaratory judgment that he is entitled to naturalization and an order that USCIS naturalize him.

### JURISDICTION

2. This action arises under the Immigration & Nationality Act of 1952, as amended (the INA), 8 U.S.C. §§ 1101 et seq., and the Administrative Procedure Act (the APA), 5 U.S.C. §§ 701 et seq. Subject matter jurisdiction is based upon INA § 310(c), 8 U.S.C. § 1421(c). This Court may also exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court may grant relief pursuant to the INA, the APA, the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and 28 U.S.C. § 1361.

3. Judicial review pursuant to INA § 310(c), 8 U.S.C. § 1421(c), is *de novo*; the Court makes its own findings of fact and conclusions of law.

## VENUE

4. Venue in the Southern District of New York is proper pursuant to INA § 310(c), 8 U.S.C. § 1421(c), which provides that a person "may seek review of [a naturalization] denial before the United States District court for the district in which such person resides." The Petitioner maintains his residence in Rockland County, New York, which is within the jurisdiction of this Court.

## PARTIES

5. Mr. Sanchez is a lawful permanent resident ("LPR") of the United States. He lives at 35 West Allison Avenue, Pearl River, NY 10965. He filed an application for naturalization, which was received by USCIS (then INS) on February 24, 2004. The USCIS denied the application on February 10, 2005. On March 14, 2005, Mr. Sanchez filed Form N-336 Request for Hearing on a Decision in Naturalization Proceedings. On May 9, 2006, USCIS upheld the decision not to grant Mr. Sanchez citizenship.

6. The USCIS is named a defendant pursuant to 8 C.F.R. § 336.9(b). This regulation states that "[t]he petition for review [of a naturalization denial] shall be brought against the Immigration and Naturalization Service." On November 25, 2002, the President signed into law the Homeland Security Act of 2002 (Pub. L. 107-296), which created the new Department of Homeland Security ("DHS"). Pursuant to the provisions of the Homeland Security Act, DHS came into existence on January 24, 2003. As provided by the Homeland Security Act and by the Department of Homeland Security Reorganization Plan of November 25, 2002, as modified

("Reorganization Plan"), the functions of the INS of the Department of Justice, and all authorities with respect to those functions, transferred to DHS on March 1, 2003, and the INS was abolished on that date. The transition and savings provisions of the Homeland Security Act, including sections 1512(d) and 1517, provide that references relating to the INS in statutes, regulations, directives or delegations of authority shall be deemed to refer to the appropriate official or component of DHS. Section 451 of the Homeland Security Act created USCIS and authorizes USCIS to perform naturalization functions.

## EXHAUSTION OF REMEDIES

7.      Mr. Sanchez has exhausted the administrative remedies available to him. Section 310(c) of the INA, 8 U.S.C. § 1421(c), provides that an applicant for naturalization may seek judicial review of an adverse naturalization decision made after a hearing held pursuant to INA § 336, 8 U.S.C. § 1447.

## FACTS

8.      Mr. Sanchez is a thirty-six year-old native and citizen of the Dominican Republic. He was born in the Dominican Republic on November 30, 1969. He was admitted to the United States as a lawful permanent resident {"LPR") on April 6, 1986. He was only 16 years old at the time he entered the United States.

9.      On September 18, 1989, Mr. Sanchez pleaded guilty to criminally negligent homicide, in violation of New York Penal Law § 125.10, and to criminal possession of a weapon in the third degree, in violation of New York Penal Law § 265.02(4). Mr. Sanchez was sentenced to one to three years on each count to run concurrent with the other, and he spent approximately one year in a New York State correctional facility. He was released from

incarceration in 1990.

10. On or about February 24, 2004, Mr. Sanchez applied for United States citizenship by filing Form N–400 with the Respondent. On the application, he truthfully answered all of the questions. In particular, he answered "yes" to question 15, which asked if he had ever been, *inter alia*, arrested or convicted of a violation of any law or ordinance. Subsequently, he provided copies of certificates of disposition for his arrests to USCIS. Mr. Sanchez has had no further arrests.

11. In accordance with INA § 335, 8 U.S.C. § 1446, the USCIS conducted an examination of Mr. Sanchez on August 19, 2004. At the examination, Mr. Sanchez truthfully answered all of the naturalization examiner's questions.

12. On February 10, 2005, USCIS denied Mr. Sanchez's application for naturalization, stating only that "[y]ou have not established your eligibility for citizenship under the provisions of Section **316** of the [Immigration and Nationality Act ("INA")]." (See Copy of Decision dated February 10, 2005, attached hereto as Exhibit A) (emphasis in original).

13. The USCIS began its decision by quoting federal regulations and the INA. USCIS first quoted 8 C.F.R. § 316.2(b), stating that "the applicant shall bear the burden of establishing by a preponderance of the evidence that he or she meets all the requirements for naturalization."

14. Next, the USCIS quoted 8 C.F.R. § 316.10(a)(2), stating that an applicant for naturalization must establish that he has been and continues to be a person of good moral character during the statutory period:

> In accordance with section 101(f) of the Act, the Service shall evaluate claims of good moral character on a case-by-case basis taking into account the elements enumerated in this section and the standards of the average citizen in the

community of residence. The Service is not limited to reviewing the applicant's conduct during the five years immediately preceding the filing of the application, but may take into consideration, as a basis for its determination, the applicant's conduct at any time prior to that period *if the conduct of the applicant during the statutory period does not reflect that there has been reform of character from an earlier period or if the earlier conduct and acts appear relevant to a determination of the applicant's present moral character.*

8 C.F.R. § 316.10(a)(2) (emphasis added).

15. Further, the USCIS quoted 8 C.F.R. § 316.10(a)(iii), which states, "Committed unlawful acts that adversely reflect upon the applicant's moral character, or was convicted or imprisoned for such acts, although the acts do not fall within the purview of Sec. 316.10(b)(1) or (2).

16. The USCIS referenced INA § 237(a)(2)(C), 8 U.S.C. 1227(a)(2)(C) stating that "this deportation ground applies to any alien, who is convicted at any time after admission of possessing or carrying any weapon, part or accessory, which is a firearm or destructive device (defined in 18 U.S.C. § 921(a)(3) and (4)." Further, the USCIS noted that this conviction "may be a violation of State or Federal laws," and that "sentencing is not a factor in determining deportability."

17. The USCIS then summarized the history of Mr. Sanchez's criminal history and concluded that he had not established his eligibility for citizenship and that his application was therefore denied:

A review of our records indicates that you were arrested on July 1, 1989 . . . [and] that on September 18, 1989, you plead guilty to . . . criminal negligent homicide and criminal possession of a weapon in the [third] degree. Our records indicate that you were convicted of these charges and sentenced to one to three years on each count concurrent with each other. The records show that you were incarcerated for one year in a New York Mid-State Correctional Facility.

You have not established your eligibility for citizenship under the provisions of Section

**316** of the [INA]. Therefore, your application is denied.

<u>See</u> Copy of Decision dated February 10, 2005, attached hereto as Exhibit A) (emphasis in original).

18. The USCIS did not sufficiently explain why it denied Mr. Sanchez's application.

19. The USCIS also did not explain why, in citing 8 C.F.R. § 316.10(a)(2) relating to consideration of conduct outside of the five-year statutory period, Mr. Sanchez's application was denied. This regulation allows USCIS to review conduct outside the five year statutory period only *if* " the conduct of the applicant during the statutory period does not reflect that there has been a reform of character..." (emphasis added). In other words, there must be a "trigger" within the five-year statutory period that initiates an inquiry into conduct before the five year period. Mr. Sanchez's last conviction was in 1989. He has spent the past 17 years without any criminal behavior or convictions. This is evidence that Mr. Sanchez has been rehabilitated and there is no trigger that allows USCIS to look beyond the statutory five year period.

20. The USCIS also did not explain the relevance of its citation to INA § 237, 8 U.S.C. 1227 relating deportability to Mr. Sanchez's naturalization.

21. On March 14, 2005, Mr. Sanchez filed a timely request for a hearing pursuant to INA § 336, 8 U.S.C. § 1447.

22. At his hearing on July 15, 2005, Mr. Sanchez again truthfully answered all of the questions put to him.

23. On May 9, 2006, the USCIS upheld the previous denial. (<u>See</u> Decision on Review of Denial of Naturalization Application, dated My 9, 2006, attached hereto as Exhibit B). In the decision, the District Director again quoted 8 C.F.R. § 316.2(b) and INA § 237(a)(2)(B)(1).

24. The District Director then quoted INA § 101(a)(48)(A), 8 U.S.C. § 1101(a)(48)(A), which states that a "conviction" is:

> a formal judgment of guilt of the alien entered by the court or, if adjudication of guilt has been withheld, where (i) a judge or a jury has found the alien has entered a plea of guilty or nolo contendere or has admitted sufficient acts to warrant a finding of guilt, and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

25. The District Director then stated that Mr. Sanchez's initial naturalization application "was denied for Lack Of Good Moral Character" on the basis of his conviction from 1989.

26. The District Director then concluded, "All evidence of the case was heard and considered. Your conviction for firearms is a deportable offense and a violation of State and Federal laws. Because you were unable to overcome the grounds for the original denial under the provisions of Section *316* of the [INA], it is determined that the decision previously entered into the record shall be amended and upheld."

## COUNT ONE

### USCIS ERRED AS A MATTER OF LAW IN DENYING MR. SANCHEZ'S NATURALIZATION APPLICATION

27. The allegations contained in paragraphs 1 through 26 above are repeated and realleged as though fully set forth herein.

28. The District Director did not explain why Mr. Sanchez's convictions from 1989 should prevent him from demonstrating good moral character, when the convictions occurred outside the five-year statutory period. Mr. Sanchez should not have been barred from naturalizing, because his last conviction occurred 15 years prior to his application for

naturalization

29. Additionally, the District Director did not explain what facts, if any, led to her consideration of Mr. Sanchez's conduct outside the statutory period. She does not disclose whether there was a "trigger" within the statutory period which prompted a review of his past conduct and a determination that he lacks good moral character.

30. Furthermore, the District Director did not explain why the fact that Mr. Sanchez was convicted of a deportable offense in the past should lead to a finding that he presently lacks good moral character.

31. The USCIS's denial of Mr. Sanchez's application for citizenship is arbitrary and capricious. The decision does not explain why the USCIS ignored numerous important positive factors in determining Mr. Sanchez's moral character. The decision does not explain why Mr. Sanchez's supposed "deportable" status prevents a finding of good moral character. In addition, the decision does not explain why, contrary to the regulations, the USCIS looked to Mr. Sanchez's convictions, far outside the statutory period, to determine that Mr. Sanchez lacked good moral character and was ineligible for naturalization. Consequently, the USCIS's decision is not supported by the law or the evidence.

32. Mr. Sanchez has satisfied all of the requirements for naturalization. He has resided continuously in the United States during the five-year period required by INA § 316, 8 U.S.C. § 1427, and been physically present for at least half of that time; he has resided continuously in the United States from the date of his application to the present, id.; and he has demonstrated that he has been a person of good moral character for more than the statutory period. Id.

33.  The sole basis for the USCIS's denial, that Mr. Sanchez lacks good moral character because of his convictions 17 years ago, which could technically subject him to deportation as an alien, has no merit.  It is contrary to the INA, which provides that an individual must have good moral character for a five-year period, and which does not permit the consideration of convictions occurring outside that period.  Additionally, the INA does not preclude a finding of good moral character for citizenship simply because an individual may technically, as an alien, be subject to deportation; and it is unsupported by the evidence in this case, which does not indicate any wrongdoing on the part of Mr. Sanchez following his conviction in 1989 and which overwhelmingly shows that Mr. Sanchez is an individual who is rehabilitated from his earlier conduct and is an active community member who has been steadily employed.

## **DECLARATION SOUGHT**

34.  Petitioner requests that pursuant to INA § 310(c), 8 U.S.C. § 1421, this Court declare that he is entitled to naturalization and order that his application for naturalization be granted.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Petitioner demands that this Court grant the following relief:

(1)  conduct a hearing *de novo* pursuant to INA § 310(c), 8 U.S.C. § 1421(c), and declare that he is entitled to be naturalized; and

(2)  issue an Order granting his application for naturalization; and

(3)  Grant costs and attorney's fees and any other and further relief that this Honorable Court may deem just and proper.

Dated: New York, New York
September 5, 2006

        Respectfully submitted,

        BRETZ & COVEN, LLP
        305 Broadway, Suite l00
        New York, N.Y. 10007
        (212) 267-2555

/s/:  *Ruchi Thaker*
      Ruchi Thaker RT 4210
      Kerry W. Bretz
      Jules E. Coven
      *Attorneys for the Petitioner*

**VERIFICATION**

Ruchi Thaker, under penalty of perjury, states that the following:

1. That I am an attorney admitted to practice before this Court. I am employed by Bretz and Coven, LLP, the attorneys for the Plaintiff in the foregoing Complaint.

2. I affirm the truth of the contents of the foregoing Complaint upon information and belief. The sources of my information and belief are documents provided to me by, and conversations with the Plaintiff.

Dated: New York, New York
September 5, 2006

*Ruchi Thaker*
Ruchi Thaker
RT 4210